10-12047

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, P.O. Box 763 Branchville, New Jersey 07826, | : | CASE NO.: 3:11-CV-00088 |
| | : | JUDGE: |
| Plaintiff, | : | |
| -v- | : | |
| HOBART CORPORATION, Serve Agent: CT Corporation System 1300 E. 9th Street Cleveland, Ohio 44114, | : | |
| Defendant. | : | |

### COMPLAINT FOR DAMAGES IN EXCESS OF $500,000 WITH JURY DEMAND ENDORSED HEREIN

NOW COMES Plaintiff, Selective Insurance of South Carolina ("Selective"), by and through its undersigned counsel, and for its Complaint against Defendant Hobart Corporation ("Hobart"), and hereby states as follows:

### PARTIES

1. Plaintiff Selective is a South Carolina corporation licensed to issue policies of insurance in the Commonwealth of Pennsylvania.

2. Upon information and belief, Defendant, Hobart is an Ohio corporation licensed to do business in the State of Ohio as a manufacturer of food preparation equipment.

### JURISDICTION

3. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1332, of the United States Code.

## VENUE

4. The cause of action is against a company with its principal place of business in Troy, Miami County, Ohio, and therefore, venue is proper in this Court.

## FACTUAL BACKGROUND

5. Plaintiff Selective issued a policy if insurance to Sharon Packing Company, Inc. ("Sharon") to cover losses that may arise due to worker injuries.

6. On or about March 26, 2009, Roland Maroun, an employee of Sharon, was operating a Hobart 4346 Series Mixer/Grinder (hereafter referred to as "Mixer/Grinder").

7. Upon information and belief, the Mixer/Grinder being operated by Mr. Maroun was manufactured by Defendant Hobart.

8. Mr. Maroun stopped the machine for cleaning and began to clean the interior parts of the machine.

9. While he was cleaning the machine, his stomach bumped the control button and the machine turned on.

10. As a result of the machine turning on Mr. Maroun received severe and permanent injuries.

11. Mr. Maroun made a claim with Sharon for his injuries.

12. As a result of the claim made by Mr. Maroun to Sharon, a claim was made under Sharon's policy of insurance with Plaintiff Selective.

13. As a direct and proximate result and pursuant to the terms of the aforementioned policy of insurance, Plaintiff Selective incurred damages in an amount in excess of $500,000.00.

14. By reason of payments made, Plaintiff Selective has become subrogated, by contract and at law, to the claims and interests of its insured, against third parties, including the Defendant.

## COUNT I-PRODUCT LIABILITY

15. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

16. At all times relevant hereto, Defendant Hobart was a manufacturer as defined by Pennsylvania law.

17. At all times relevant hereto, Defendant Hobart was a supplier as defined by Pennsylvania law.

18. Defendant Hobart defectively manufactured, constructed, designed, distributed, supplied, and/or sold the aforementioned Mixer/Grinder, which directly resulted in allowing consumers, to purchase Mixer/Grinders that were not safe for its intended use.

19. Defendant Hobart knew or should have known of the defects in design and/or manufacture and failed to correct these defects or alert consumers, or otherwise placed its product within the stream of commerce.

20. The aforesaid Mixer/Grinder was defectively manufactured by Defendant Hobart and/or its employees and/or its agents as it materially deviated from the designs, specifications, and formula or performance standards of the manufacturer at the time it left the control of Defendant Hobart.

21. The defect in the design/manufacture of the Mixer/Grinder was a substantial factor in causing Mr. Maroun's injury.

22. Therefore, Defendant Hobart is strictly liable.

23. As a result of Defendant Hobart's defective product, Plaintiff incurred the damages set forth above.

## COUNT II-FAILURE TO WARN

24. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

25. Defendant failed to disclose and warn Plaintiff of the unreasonable and dangerous risks associated with the Mixer/Grinder, which were known and/or available to Defendant.

26. The Mixer/Grinder was defective as a matter of law as it contained or provided inadequate warnings and instruction to consumers and prospective purchasers.

27. As a direct and proximate result, Plaintiff incurred damages as previously set-forth herein for which Defendant is strictly liable.

## COUNT III-BREACH OF IMPLIED WARRANTIES

28. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

29. At the time the Mixer/Grinder was purchased, Defendant implied to its consumers, the Mixer/Grinder was of merchantable quality.

30. The Mixer/Grinder was not of merchantable quality and it failed to perform safely when used in a manner consistent with the manufacturer's specifications. Accordingly, Defendant has breached the warranty of merchantability.

31. As a direct and proximate result, Plaintiff incurred damages as previously set forth herein.

## COUNT IV-BREACH OF EXPRESS WARRANTIES

32. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

33. At the time the aforementioned Mixer/Grinder left Defendant's control, it did not conform to representations made by Defendant, its employees and/or agents that said Mixer/Grinder would perform safely and effectively when used in a manner consistent with the manufacturer's specifications.

34. Defendant further warranted to cover repairs to correct any defect occurring within the warranty.

35. Complete copies of the warranty and owners manual have not been attached hereto due to their voluminous nature and will be supplied upon request during discovery. It is anticipated Defendant is in possession of the warranty and owners manual for the Mixer/Grinder.

36. Further, Defendant implied to consumers, the Blue Forge would function safely when it left its control and would not cause a fire outside of the furnace.

37. Defendant has breached expressed and/or implied warranties and as a direct and proximate result, Plaintiff incurred damages as previously set-forth herein.

## COUNT V-NEGLIGENCE

38. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

39. Defendant designed, manufactured, distributed, and/or sold a Mixer/Grinder to Sharon.

5

40. Defendant negligently designed, manufactured, distributed, and/or sold the Mixer/Grinder.

41. As the result of the negligence of Defendant, the Mixer/Grinder was improperly designed and/or manufactured and/or distributed and/or sold resulting in injuries to Mr. Maroun.

42. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered damages as previously described.

## **COUNT VI-BREACH OF INDUSTRY STANDARDS**

43. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

44. Defendant's actions in designing, manufacturing, distributing, and/or selling the subject Mixer/Grinder were in violation of state and/or local laws and/or generally accepted practices in the design, manufacture, distribution, and/or sale of food preparation equipment.

45. Defendant was required to perform its work in accordance with acceptable industry practices, which assures safe and quality workmanship.

46. Defendant's actions and/or omissions constitute a breach of industry standards.

47. As a direct and proximate result of Defendant's violations, Plaintiff suffered damages as previously set forth herein.

## **COUNT VII-PROFESSIONAL MALPRACTICE**

48. Plaintiff hereby restates the allegations and averments contained in the preceding paragraphs of this Complaint, as if fully rewritten herein, and further state as follows:

49. Defendant's actions and/or omissions constitute professional misconduct, lack of skill or fidelity in the performance of their professional and fiduciary duties, and/or professional wrongdoing.

50. Defendant undertook a duty to render services in the practice of the profession and/or trade in which it held itself out.

51. Defendant failed to exercise the skill and knowledge normally possessed by businesses of that profession or trade, despite reasonable notice of the dangers posed by its actions and/or omissions.

52. As a direct and proximate result, Plaintiff suffered damages as previously set forth herein.

WHEREFORE, Plaintiff Selective Insurance Company of South Carolina, respectfully requests judgment against Defendant Hobart Corporation, in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), along with interest, costs, damages, attorney fees and any and all other such relief to which Plaintiff may be entitled.

Respectfully submitted,

SMITH, ROLFES & SKAVDAHL CO., L.P.A.

 /s/ Jeffrey P. Nodzak
M. Andrew Sway (0067243)
Jeffrey P. Nodzak (0079225)
65 East State Street, Suite 2000
Columbus, Ohio 43215
(614) 469-7130 – Telephone
(614) 469-7146 – Tele-fax
asway@smithrolfes.com
jnodzak@smithrolfes.com
*Attorney for Plaintiff Selective Insurance Company of South Carolina*

## JURY DEMAND

Now comes Plaintiff and hereby requests this matter be tried to a jury.

  /s/ Jeffrey P. Nodzak
Jeffrey P. Nodzak (0079225)